IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH DARREN BOBO, | Case No. 6:21-cv-00499-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Joseph Bobo ("Bobo"), a self-represented litigant, filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Governor Kate Brown ("Governor Brown"), Colette Peters, and Kimberly Hendricks (together, "Defendants"), alleging violations of his Eighth and Fourteenth Amendment rights. This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

## BACKGROUND

On April 2, 2021, Bobo filed this action against Defendants, alleging that Defendants knowingly exposed him to COVID-19 and that Defendants' failure adequately to respond to COVID-19 violated his Eighth and Fourteenth Amendment rights. (ECF No. 2 ("Compl.").) At

PAGE 1 – OPINION AND ORDER

the time Bobo filed this lawsuit, he was incarcerated at Santiam Correctional Institution, but he has since been released from custody.

A year prior, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs") housed at four ODOC institutions filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, the "*Maney* Defendants"). (Defs.' Mot. to Stay at 2, ECF No. 18; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* Fourth Am. Compl. ("FAC"), ECF No. 223.) The *Maney* Plaintiffs assert allegations on behalf of a class of similarly situated AICs, and propose three classes: (1) the "Damages Class"; (2); the "Vaccine Class"; and (3) the "Wrongful Death Class." (*Maney* FAC ¶¶ 24-26.)

On January 21, 2021, the *Maney* Plaintiffs moved for a preliminary injunction requiring ODOC to offer all AICs housed in ODOC facilities a COVID-19 vaccine, and sought provisional class certification of the Vaccine Class, which includes: "All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations." (*Maney* Pls.' Mot. Prelim. Inj., ECF No. 156; *Maney* Pls.' Mot. to Certify Class at 2, ECF No. 154.) On February 2, 2021, this Court granted the *Maney* Plaintiffs' motion for provisional class certification of the Vaccine Class and motion for a preliminary injunction. (*Maney* Op. & Order at 34, ECF No. 178.)

On June 17, 2021, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 2.) The *Maney* Plaintiffs filed a motion for class certification on May 3, 2021. (ECF No. 203.)

## DISCUSSION

### I. APPLICABLE LAW

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### II. ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Eighth Amendment claims alleging that ODOC officials failed adequately to protect them from COVID-19. (*Maney* FAC ¶ 101; Compl. at 4.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that Bobo may be a member of the Damages Class composed of individuals who have been continuously housed in ODOC facilities since February 1, 2020, and

have contracted COVID-19, based on Bobo's allegation that he that he was exposed to COVID-19 while housed at an ODOC facility.[1] (Compl. at 5; *Maney* FAC ¶ 24.)

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* was filed on May 3, 2021. (ECF No. 203.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Bobo may elect to proceed as a member of the Damages Class, or he may opt out and litigate his case separately. *See McDaniels v. Stewart*, No. 15-CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Bobo faces only a brief delay in this matter.

For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice Bobo. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County [Jail], and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal.

---

[1] *See* Compl. at 4-5 (alleging that Defendants failed to protect him from COVID-19 and to test sufficiently, and stating that he "does not know if I have it or had it in the past").

May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 18), and STAYS this action pending resolution of class certification in the *Maney* case.

**IT IS SO ORDERED.**

DATED this 6th day of July, 2021.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge